IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CATHERINE HADNOT, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:19-CV-01949-E |
| § | |
| RANDALL ACKERMAN, LAW OFFICE § | |
| OF W. RANDALL ACKERMAN, LLC, § | |
| BARATA HOLLIS, and BARATA R. § | |
| HOLLIS, PLLC, § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are the Hollis Defendants' Motion to Dismiss (Doc. No. 7) and the Ackerman Defendants' Motion to Dismiss (Doc. No. 12). Having carefully considered the motions, the parties' briefing, and applicable law, the Court concludes the motions should be GRANTED.

### BACKGROUND

Plaintiff Catherine Hadnot brings this action against defendants Randall Ackerman, The Law Office of W. Randall Ackerman, LLC, Barata Hollis, and Barata R. Hollis, PLLC, under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices. According to Hadnot's complaint (Doc. No. 1), defendants' prosecution of a state court proceeding against Hadnot and on behalf of their client Eloise Mims was an attempt to collect a debt from Hadnot. Hadnot alleges defendants "unlawfully attempted to collect consumer debt by filing a false verification" attached to a state court petition. She further alleges that, during a deposition, Mims "admitted that she

1

had no personal knowledge of certain factual allegations" in the petition and defendants "were aware of [her] misrepresentation … but made no attempt to correct the same."  In four counts, Hadnot asserts claims against defendants for violations of FDCPA section 1692(e) in connection with the state court action.

Hadnot attached a copy of the state court petition to her complaint (Doc. No. 1-2).  The petition alleged Mims, a wheelchair-bound 83-year-old woman in failing health, inherited significant money and other assets from a sister who died intestate.  Hadnot, Mims's oldest daughter, served as administratrix of the sister's estate.  Hadnot also lived with Mims as her caretaker and companion, and Mims relied on, trusted, and depended on Hadnot for help.  The money Mims inherited was deposited in multiple financial institutions and other investments with Mims and Hadnot as cosignatories on most, if not all, accounts. Mims eventually discovered Hadnot had withdrawn, appropriated, spent, transferred, wasted and/or secreted Mims's money without Mims's express or implied consent.  Mims asserted claims for breach of fiduciary duty, fraudulent concealment or fraud by nondisclosure, and violations of the Texas Theft Liability Act and sought a declaratory judgment regarding her "rights, status and ownership interest in the money, assets, annuities and CDs in controversy" and injunctive relief to prevent Hadnot from selling, dissipating, or disposing of any of Mims's assets.

Defendants move to dismiss Hadnot's claims in this case because the state court action alleged and sought damages arising from Hadnot's malfeasance and misappropriation of Mims's inheritance.  As a result, it was not an action to collect a "debt" as required to recover under the FDCPA.  Hollis and Hollis, PLLC, also move to dismiss the claims against them because they have not been properly served with the complaint.

## FDCPA

1. *Legal Standard*

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) authorizes a court to dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." *Id.* In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotation marks and citations omitted). The court's review is limited to the complaint, its proper attachments, and documents attached to the motion to dismiss that are central to the claim and referenced by the complaint. *See Lone Star Fund V (U.S.) v. Barclays Bank, N.A.*, 594 F.3d 383, 387 (5th Cir. 2010).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard ... asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Thus, a claim "is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

### 2. *15 U.S.C. § 1692e*

The FDCPA prohibits a "debt collector" from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. To state a FDCPA claim, a plaintiff must allege: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA."[1] *Rocha v. Hosto*, No. 4:19-CV-00572-O-BP, 2020 WL 592381, at *4 (N.D. Tex. Jan. 21, 2020), *report & recommendation adopted*, No. 4:19-CV-00572-O-BP, 2020 WL 584589 (N.D. Tex. Feb. 6, 2020) (quoting *Okeke v. Auto. Fin. Corp.*, No. A-15-CV-694-LY-ML, 2016 WL 11582509, at *3 (W.D. Tex. Feb. 3, 2016)).

The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." 15 U.S.C. § 1692a(5). The FDCPA does not

---

[1] The FDCPA includes a nonexclusive list of violative conduct. Here, Hadnot specifically alleges defendants' conduct fell under the following subsections of section 1692e:

> (4) The representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action.
>
> (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
>
> ***
>
> (9) The use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval.

15 U.S.C. § 1692e(4), (5), (9).

define "transaction," but a number of circuit courts have determined it refers to a consensual, business, or contractual arrangement. *See Hamilton v. United Healthcare of La., Inc.*, 310 F.3d 385, 391 (5th Cir. 2002); *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1371 (11th Cir. 1998) ("transaction" under FDCPA must involve business dealing or other consensual obligation); *Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C.*, 111 F.3d 1322, 1326 (7th Cir. 1997) ("FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services."). Whether an obligation is a "debt" is a question of law for the court to determine. *Garcia v. Jenkins/Babb LLP*, No. 3:11-CV-3171-N-BH, 2013 WL 6388443, at *5 (N.D. Tex. Dec. 5, 2013), *aff'd sub nom. Garcia v. Primary Fin. Servs.*, 605 F. App'x 418 (5th Cir. 2015) (per curiam).

Consistently, courts have determined liability arising from tort and theft does not constitute a "debt" under the FDCPA. *Moore v. Cost Recovery Corp LLC*, No. 5:08-CV-7-DF, 2008 WL 11347988, at *4 (E.D. Tex. June 10, 2008) (attempt to recover fees related to police accident response from at fault driver does not violate FDCPA because driver was not engaged in a "transaction"); *Beauvoir v. Israel*, 794 F.3d 244, 247–48 (2d Cir. 2015) (theft of natural gas does not give rise to obligation to pay money arising from a transaction); *Fleming v. Pickard*, 581 F.3d 922, 926 (9th Cir. 2009) ("[W]e have little difficulty concluding that Defendants' cause of action against Plaintiffs for wrongful conversion does not, as a matter of law, constitute a debt for purposes of the FDCPA."); *Hawthorne*, 140 F.3d at 1371 (action to recover damages for tortious acts does not involve a "transaction"); *Zimmerman v. HBO Affiliate Group*, 834 F.2d 1163, 1168–69 (3rd Cir. 1987) (FDCPA did not apply in favor of plaintiff complaining of acts to recover payments for misappropriated television signals because obligations arising out of theft do not constitute debts under FDCPA); *Taylor v. Javitch, Block & Rathbone*, No. 1:12-CV-708, 2012 WL 2375494, at *3–

4 (N.D. Ohio June 22, 2012) (default judgment against the plaintiff in state court for tortious conduct was not debt within meaning of FDCPA); *Shaw v. Credit Collection Servs.*, No. 06-513-JVP-DLD, 2008 WL 2941261, at *2 (M.D. La. Jul. 28, 2008) (debt arising from tortious conduct (car accident) does not constitute a consumer transaction under the FDCPA).

   3. *Analysis*

Hadnot alleges she has been "the subject of abusive and oppressive debt collection activity" by defendants in connection with the state court action (Doc. No. 1). In her response to the motions to dismiss, she contends Mims employed Hadnot as caretaker, granted Hadnot power of attorney, and opened joint bank accounts, all "consensual exchanges," and Hadnot was to use Mims's finances for "personal and family maintenance" (Doc. No. 13). Any obligations or liability Hadnot had to Mims derived from these exchanges and, thus, the state court action to recover monies was an attempt to collect a "debt" as defined by the FDCPA (*Id.*).

The Court disagrees. Hadnot's complaint fails to allege facts to show defendants, by the state court action, sought any payment Hadnot owed Mims arising from any consensual, business or contractual agreement between the two women. *Compare Hawthorne*, 140 F.3d at 1371 (when insured's obligation arose not from tort law, but from a contract/transaction for insurance, group health insurers' subrogation claim fell within FDCPA). Instead, defendants brought the state court action on behalf of Mims alleging malfeasance and misappropriation of Mims's inheritance on the part of Hadnot.[2] Because the state court action involved Hadnot's liability in tort, and not money

---

[2] In a paragraph alleging Hadnot is a "consumer" as defined in the FDCPA, the complaint states Hadnot "has been subjected to the Defendants' false representations of its right to collect on a promissory note, which led to the Plaintiff being the subject of abusive and oppressive debt collection activity" (Doc. No. 1). There is, however, no reference to any promissory note elsewhere in the complaint or in the state court petition. In her response to defendants' motions to dismiss, Hadnot clarifies the paragraph is meant to allege defendants made "false representations of money owed and that Hadnot could settle the matter by entering into a promissory note to pay back the alleged debt owed to Mims"

6

owed as a result of an "obligation or alleged obligation of a consumer to pay money arising out of a transaction," the Court finds defendants' initiation of the state court action, and filing papers and pleadings therein, was not activity "in connection with the collection of any debt." *See* 15 U.S.C. § 1692e; *e.g., Fleming*, 581 F.3d at 926 (because employer did not consent to employee's stealing merchandise, selling it at discount, or pocketing proceeds, court determined resulting obligations were not based on consensual and contractual relationships and were not "debts" as contemplated by FDCPA). Having failed to plausibly allege a "debt" within the meaning of the FDCPA, Hadnot's claims must be dismissed. *See* FED. R. CIV. P. 12(b)(6); *Iqbal*, 556 U.S. at 678.

## INSUFFICIENT SERVICE

1. *Legal Standard*

A party may seek dismissal of an action based on insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). FED. R. CIV. P. 12(b)(5); *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012). If a Rule 12(b)(5) motion is filed, the party serving process has the burden of establishing its validity. *Quinn*, 470 F. App'x 323 (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)). If the serving party fails to meet its burden, the district court can exercise its discretion and quash the service and dismiss without prejudice all claims against improperly-served defendants. *See Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 691–92 (5th Cir. 2008).

---

(Doc. No. 13). Accordingly, the Court considers only whether the obligations at issue in the state court action are "debt" under the FDCPA.

*2. Analysis*

Hollis and Hollis, PLLC, move to quash service and dismiss Hadnot's claims against them for insufficient service. Hadnot did not address the sufficiency of service in her response to the motion to dismiss.

Service is properly effected on Hollis, an individual, if she is served (1) under the laws of Texas (the state in which the district sits), (2) by personal service, (3) by leaving copies of the summons and the complaint at her residence with a person of suitable age and discretion, or (4) by delivering a copy of the service documents to her agents who are authorized to accept service by appointment or by law. FED. R. CIV. P. 4(e) (governing service on individuals). Service on Hollis, PLLC, is properly effected if the plaintiff follows Rule 4(e)(1), which provides for service under the laws of Texas, or "by delivering a copy of the summons and of the complaint to the officer, a managing or general agent, or any other agent authorized ... to receive service of process." FED. R. CIV. P. 4(h)(1) (governing service on corporations, partnerships, and associations). Texas law authorizes service by (1) delivering a copy of the citation and petition to a defendant in person or (2) mailing a copy of the citation and petition to the defendant by registered or certified mail, return receipt requested. *See* TEX. R. CIV. P. 106(a)(1), (2). In the case of a limited liability company, the citation must be addressed to the company's manager or registered agent. *See* TEX. BUS. ORG. CODE ANN. §§ 5.201(a)–(b), § 5.255(3). If service is not perfected within 90 days after a complaint is filed and there is no showing of good cause for the failure to effect such service, a court must either dismiss the action without prejudice or order that service be made within a precise time. *See* FED. R. CIV. P. 4(m).

The record contains affidavits of service in which a process server attests that she served Hollis and Hollis, PLLC, at HBH Law Offices, 6988 Lebanon Road, Suite 103, Frisco, Texas 75034,

"by handing the documents to an individual identified as Barata Hollis, Esq." (Doc. Nos. 10, 11). The affidavits, however, include the following "additional description:" "Unknown Female, est. age 40, glasses: N, Black hair, 120 lbs to 140 lbs, 5' to 5' 3" (*Id.*).

In an affidavit, Hollis attests that she has not been served personally (Doc. No. 7, pp. 7–8). She leased a small office from Community Development Associates, LLC, at the same Frisco address, but she is employed by the University of Texas Southwestern Medical Center in Dallas and is in the Frisco office rarely during a normal work week. A person named Jean Gard, who worked for Community Development Associates, LLC, was handed the papers in this lawsuit and placed the papers in Hollis's office. Gard is not, and has not been, an employee or agent for Hollis or Hollis, PLLC. Hollis is the agent for service of process for Hollis, PLLC.

Although the process server attempted to personally serve Hollis and Hollis, PLLC, pursuant to Rule 4(e) and 4(h), respectively, the process server's affidavit contains inconsistent information regarding whether she served Hollis or an "[u]nknown female." Hollis, on the other hand, attests the papers were not served on her but on another women employed by a third party who is not an agent for Hollis or Hollis, PLLC. Despite this dispute, Hadnot has not contested Hollis's affidavit or otherwise responded to show either the validity of the service or good cause for failure to properly effect timely service. Under these circumstances, the Court finds Hadnot failed to effectuate service of process on Hollis and Hollis, PLLC, under Rule 4(e), 4(h), and/or Texas Rule of Civil Procedure 106(a). Accordingly, the service should be quashed and these defendants dismissed from the lawsuit.

## CONCLUSION

The Court **GRANTS** the Hollis Defendants' Motion to Dismiss (Doc. No. 7) and the Ackerman Defendants' Motion to Dismiss (Doc. No. 12), finding that Hadnot's claims fail as a

matter of law because any obligation Hadnot owed Mims is not a "debt" under the FDCPA.  In her response to defendants' motion to dismiss, Hadnot generally requests an opportunity to amend her pleadings (Doc. No. 13).  Under Federal Rule of Civil Procedure 15(a), the Court should "freely give leave [to amend] when justice so requires."  FED. R. CIV. P. 15(a)(2).  However, a court may deny leave if amendment would be futile.  *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *Schiller v. Physicians Resource Group, Inc.*, 342 F.3d 563, 566 (5th Cir. 2003).  Hadnot's claims for violations of the FDCPA arising from the state court action fail as a matter of law, and neither the allegations in her complaint or arguments in her briefing indicate how she could amend her complaint to cure the defect.  Accordingly, Hadnot's claims against defendants Randall Ackerman, The Law Office of W. Randall Ackerman, LLC, Barata Hollis, and Barata R. Hollis, PLLC, are **DISMISSED with prejudice**.

The Court also **QUASHES** the service of process on defendants Barata Hollis and Barata R. Hollis, PLLC, for insufficient service.

SO ORDERED; signed June 25, 2020.

_____
ADA BROWN
UNITED STATES DISTRICT JUDGE